UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODNEY WILLIAM DEBAUN,
individually and as Trustee
of the RODNEY WILLIAM AND
LISA ISIBELLE DEBAUN FAMILY
TRUST,

      Plaintiffs,

v.                                    Case No:  2:26-cv-01698-JES-KRH

SOUTHWEST FLORIDA AVIATION,
INC.,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiffs' Motion for Preliminary Injunction (Doc. #10) filed on June 3, 2026. Defendant Southwest Florida Aviation, Inc. ("Southwest Aviation") filed its Response in Opposition (Doc. #17) on June 15, 2026. For the reasons stated below, the motion is denied.

**I.**

A district court may grant a preliminary injunction if the movant shows: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing

party; and (4) if issued, the injunction would not be adverse to the public interest.  See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc)(citation omitted); see also Fla. Agency for Health Care Admin. v. Adm'r for Ctrs. for Medicare & Medicaid Servs., 161 F.4th 765, 781 (11th Cir. 2025)(citation omitted)(stating the same elements).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites."  Siegel, 234 F.3d at 1176 (citations and quotation marks omitted).

**II.**

Rodney DeBaun[1] ("DeBaun"), along with his spouse, operates a nonprofit foundation — the David Nicklas Organ Donor Awareness Foundation (the "Foundation").  (Doc. #6, ¶ 6.)[2]  The Foundation, in carrying out its mission, provides housing for transplant patients and their families, offers scholarships, and owns several wartime-era aircraft that fly at airshows across the United States to promote organ-donor awareness.  (Id.)  Of importance to the

---

[1] DeBaun sued in his individual capacity and as Trustee of the Rodney William and Lisa Isibelle DeBaun Family Trust.  When the Court refers to DeBaun, it refers to him in both capacities.

[2] The Amended Complaint accidentally restarted the numbering of the factual allegations at paragraph 6.  The Court still refers to these paragraph numbers when discussing any factual allegations from the Amended Complaint.

instant case is the Foundation's use of aircraft at airshows, more specifically a Huey helicopter bearing serial number 64-13667.[3] (Id. ¶¶ 6, 10.)

Southwest Aviation sells, maintains, and overhauls helicopters, where it gained a reputation for its ability to quickly convert and upgrade, for civilian use, Bell and SW Series models.  (Id. ¶¶ 7-8.)  Its website further touts Southwest Aviation's ability to repair and provide service in-house given its large parts inventory.  (Id. ¶¶ 8-9.)

Given Southwest Aviation's reputation, DeBaun entered a Sales Agreement to purchase a Huey helicopter for $760,000.  (Id. ¶¶ 10, 38.)  The purchase price was split into a $380,000 deposit, a $304,000 payment due 30 days after the deposit, and a $76,000 payment upon completion of the helicopter.  (Id. ¶ 11.)  Once Southwest Aviation received the deposit, it was required to complete the helicopter within 60-90 days.  (Id. ¶ 12.)  The timeline, however, was contingent upon parts availability beyond Southwest Aviation's control from OEM or other repair facilities.[4]

---

[3] The original Sales Agreement reflected serial number 11445, however, that helicopter had a title issue leading the parties to amend the Sales Agreement reflecting serial number 64-13667.  (Doc. #6, ¶ 10 n. 1.)

[4] The Sales Agreement and the attached Sales Bulletin outlined specific parts, including a particular avionics package, new or modified instrument panel, etc.  (Id. ¶¶ 13-15.)  Plaintiffs allege Southwest

(Id.)

On November 5, 2025, DeBaun paid the deposit to Southwest Aviation and subsequently made the next payment on January 22, 2026. (Id. ¶¶ 16-17.) Despite these payments and Southwest Aviation's advertisement of a complete parts inventory, Southwest Aviation failed to order the main rotor blades from an outside vendor until January 2026. (Id. ¶¶ 19-20.) Alongside Southwest Aviation's delay in ordering the main rotor blades, it also sent the helicopter's tail boom to an outside repair station. (Id. ¶ 23.)

Due to these delays, DeBaun contacted Jamie R. Hill ("Hill"), the President/Chief Executive Officer of Southwest Aviation, on April 14, 2016. (Doc. #11, ¶ 36.) DeBaun notified Hill that he was canceling the contract and demanded a refund in the amount of $684,000.00. (Id.) DeBaun confirmed this cancellation in an email on the same date. (Id.) Kimberly Guenther ("Guenther"), the Office Manager of Southwest Aviation, responded twice. (Id. ¶¶ 37-38.) The first response informed DeBaun that she could not provide a date of completion but offered a $30,000 credit. (Id.) On April 24, 2026, Guenther again replied and informed DeBaun the

---

Aviation refused to install some of the agreed upon parts. (Id. ¶¶ 29-30.)

only way Southwest Aviation could provide a refund was to sell the aircraft to a potential buyer once the helicopter was complete. (Doc. #11-3, p. 2.)

DeBaun now brings this instant lawsuit.

**III.**

Plaintiffs' Amended Complaint alleges Southwest Aviation's actions constitute a breach of contract (Count I), fraudulent misrepresentation (Count II), fraudulent inducement (Count III), and unfair or deceptive trade practices (Count IV). The Amended Complaint also seeks three equitable remedies: equitable lien (Count V), constructive trust (Count VI), and injunctive relief (Count VII). Plaintiffs now seek a preliminary injunction effectively prohibiting Southwest Aviation from: (1) selling, transferring, encumbering, or otherwise disposing of the helicopter; and (2) transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of any of Plaintiffs' funds, deposits, or payments designated for the repair, maintenance, or servicing of the helicopter.[5]  (Doc. #10-1, pp. 6-7.)

---

[5] The Court finds Plaintiffs' second component of requested relief is inappropriate for an injunction.  Plaintiffs effectively ask the Court to freeze Plaintiffs' money the Defendant has in its possession.  Since

-5-

Plaintiffs assert they will suffer two irreparable harms without injunctive relief: (1) the loss of the 2026 airshow; and (2) the potential loss of the helicopter since Southwest Aviation intends to sell it to a third party. (Doc. #10, p. 20.) Southwest Aviation, on the other hand, contends Plaintiffs are not irreparably harmed because the Amended Complaint "seeks return of the $684,000.00, restitution, damages, interest, attorneys' fees, and other monetary relief." (Doc. #17, p. 5.) The Court finds no irreparable harm has been shown, and therefore the request for preliminary injunction will be denied.

Where there are multiple claims, a district court must consider the possibility of irreparable harm with respect to each claim. See Associated Builders & Contractors Fla. First Coast Chapter v. Gen. Servs. Admin., 174 F.4th 26, 34 (11th Cir. 2026)(quoting N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1226 (11th Cir. 2008)). For an injury to be irreparable it cannot be remedied through money damages. See Yorktown Sys. Grp. Inc. v. Threat Tec LLC, 108 F.4th 1287, 1293 (11th Cir. 2024).

Starting with the loss of the 2026 airshow season, Plaintiffs would still miss the season even if an injunction were issued. As

---

monetary damages would remedy this harm, the preliminary injunction would be denied as to this requested relief.

Plaintiffs point out, the helicopter may require an additional three to four months to complete and likely will not be airworthy to fly in any airshow this season. (Doc. #6, ¶ 27; Doc. #10, p. 21; Doc. #11, ¶ 43.) The potentially missed airshow cannot support an issuance of injunctive relief. See Siegel, 234 F.3d at 1176 (citing Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975)(stating the standard for "granting a preliminary injunction requires the plaintiff to show that in the absence of [an injunction's] issuance he will suffer irreparable injury.")(emphasis added)).

Plaintiffs' second alleged harm fares no better. While Plaintiffs argue the helicopter is a "non-fungible asset," their own pleadings tell a different story. (Doc. #10, p. 22.) The parties amended the Sales Agreement less than a month after entering it to replace the helicopter with another of the same model due to a title issue. (Doc. #6, ¶ 10 n. 1; Doc. # 6-1; Doc. #6-2.) Additionally, Plaintiffs also demanded a refund from Southwest Aviation on April 14, 2026, after cancelling the contract pursuant to the Sales Agreement. (Doc. #10, p. 6; Doc. #11, ¶¶ 36, 38.) These facts in Plaintiffs' pleadings greatly undercut any possible finding of irreparable harm, where monetary damages appear to make the Plaintiffs whole. Accordingly, Plaintiffs failed to establish irreparable harm, and their request for a preliminary injunction is denied.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Preliminary Injunction (Doc. #10) is

**DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___23rd___ day of

June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record